**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**DONTAE L. DOYLE,**

               **Petitioner,**

     **v.**                                                                                        **Case No. 10-C-235**

**MICHAEL THURMER**
**Warden of Waupun Correctional Institution,**

               **Respondent.**

## DECISION AND ORDER

On March 19, 2010, pro se Petitioner Dontae L. Doyle ("Doyle"), a State of Wisconsin prisoner incarcerated at the Waupun Correctional Institution ("WCI") in Waupun, Wisconsin, filed a motion for leave to proceed *in forma pauperis* on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, on March 22, 2010, Doyle paid the $5.00 filing fee for his petition. Therefore, Doyle's motion for leave to proceed *in forma pauperis* is denied as moot.

At this stage of the proceedings, the Court's responsibility is to review Doyle's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Title 28 of the United States Code § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Doyle challenges his October 20, 2000, conviction by the Circuit Court for Milwaukee County, Wisconsin, for 12 different criminal counts arising from armed robberies occurring between August and November 1999. He indicates that on November 20, 2000, he was sentenced to 87 years of imprisonment. It is clear that Doyle is "in custody" pursuant to the state criminal conviction he now challenges.

Doyle lists two grounds for relief. However, Doyle actually presents a single ground, which liberally construed, asserts that his Fourteenth Amendment right to process is being violated because he was falsely convicted of crimes that he did not commit. In so contending, Doyle relies on newly discovered evidence which he states indicates that two individuals have admitted their responsibility for those crimes. Thus, Doyle's petition challenges the legality of his custody on the ground that it is in violation of the Constitution of the United States.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that

in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Relying on the October 06, 2009, Wisconsin Court of Appeals's decision in *Wisconsin v. Doyle*, No. 2008AP003107, attached to Doyle's petition, and information on the Wisconsin Court System website, indicating that Doyle filed a petition for review of that decision with the Wisconsin Supreme Court and that such petition was denied on March 16, 2010, the Court concludes that Doyle has exhausted his state remedies. *See* http://wscca.wicourts.gov (last visited Mar. 31, 2010).

Summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that Doyle is not entitled to the relief sought by his petition for a writ of habeas corpus. Consequently, Thurmer will be called upon to serve and file an answer to Doyle's petition for a writ of habeas corpus. The answer must contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Doyle's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED** as moot.

3
Case 2:10-cv-00235-WCG   Filed 03/31/10   Page 3 of 4   Document 7

The Clerk of Court **MUST** serve a copy of Doyle's petition, his supporting brief with attachments, and this Decision and Order upon Thurmer and the Attorney General of Wisconsin.

Thurmer **MUST** file an answer to the petition, by **May 17, 2010.**

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated at Milwaukee, Wisconsin this 31st day of March, 2010.

> **BY THE COURT**
>
> *s/ Rudolph T. Randa*
> **Hon. Rudolph T. Randa**
> **U.S. District Judge**