# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DONTAE L. DOYLE,**

        Petitioner,

v.                                                                                Case No. 10-C-235

**MICHAEL THURMER**
**Warden of Waupun Correctional Institution,**

        Respondent.

# DECISION AND ORDER

        The pro se Petitioner, Dontae L. Doyle ("Doyle"), a State of Wisconsin prisoner incarcerated at the Waupun Correctional Institution in Waupun, Wisconsin, has a pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Doyle challenges his October 20, 2000, conviction by the Circuit Court for Milwaukee County, Wisconsin, for 12 different criminal counts arising from armed robberies occurring between August and November 1999. He is serving 87-year prison sentence that was imposed on November 20, 2000.

        Upon review of Doyle's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the Court concluded that liberally construed, Doyle claims that he is in custody in violation of his Fourteenth Amendment right

---

[1] On March 22, 2010, Doyle paid the $5.00 filing fee for his petition. Therefore, Doyle's motion for leave to proceed in forma pauperis was denied as moot.

to due process because he was falsely convicted of crimes that he did not commit. Doyle relies on newly discovered evidence that he maintains indicates that two individuals have admitted their responsibility for those crimes. The Court determined that Doyle's petition challenges the legality of his custody on the ground that it is in violation of the Constitution of the United States, and directed the Respondent, Michael Thurmer ("Thurmer"), to file an answer.

Thurmer filed an answer asserting that, absent a constitutional infirmity in the state courts, actual innocence is not cognizable in a habeas proceeding, citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Thurmer contends that Doyle has failed to allege or show any constitutional violation. Thurmer also maintains that Doyle had a full and fair opportunity to present his newly discovered claim in the state courts and had a substantial hearing on the matter. However, the Wisconsin courts did not find the new evidence to be credible and found no showing that the proceedings would have been different had the "new evidence" been available at trial. Thurmer states that he did not file the trial transcripts because he did not believe them germane to the issue presented, but he will file them upon request.

Having reviewed the file, the Court has concluded that the trial transcripts are germane to the issue raised and, therefore, will require Thurmer to file them. Additionally, with respect to whether Doyle has raised a potentially viable constitutional claim, Thurmer may want to consider *District Attorney's Office for the Third Judicial District v. Osborne,* __ U.S. __, 129 S.Ct. 2308, 2321-22 (2009), and its progeny as well as *In re Davis*, 2010 WL 3385081 (S.D. Ga. Aug. 24, 2010), *appeal dismissed, Davis v. Terry*, 675 F.3d 716 (11th Cir. 2010) (unpublished), *pet. for cert.* filed on Jan. 21, 2011 (No. 10-949).

2

The Court will also resolve several of Doyle's six pending motions. Pursuant to Rule 7 of the Rules Governing Section 2254 Cases in United States District Courts, Doyle seeks leave to expand the record to include the November 24, 2008, brief filed on his behalf following the state court evidentiary hearing and the June 7, 2006, affidavit of Calvin D. Williams. The time for Thurmer to file a response to the motion has passed and none has filed. The papers that Doyle wants to add to the record before this Court are included in the types of materials that are permitted under Rule 7. Therefore, the motion is granted.

Doyle also filed a motion to supplement/amend, motion for a new trial on new evidence and added federal case law. Liberally construed, Doyle's motion requests that the Court consider the additional arguments that he makes in that document. The request is reasonable and is granted. In addition, Doyle filed a motion seeking to supplement his reply brief with additional arguments based on *Schlup v. Delo*, 513 U.S. 298 (1995). The Court will grant the motion.

Doyle has three other motions pending, including two summary judgment motions. On February 3, 2011, Doyle filed a "motion to supplement to consider constitutional violations with new evidence claim." The Court construes the motion as seeking leave to amend his habeas corpus petition to include a claim that his Fourteenth Amendment right to due process and his Sixth Amendment right to a fair trial was violated by the admission of the perjured testimony of Demario Pokes at Doyle's trial. The time for briefing of that motion is not yet complete. Resolution of Doyle's summary judgment motions must also await further review of this matter.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Thurmer must file the trial transcripts from this matter no later than **March 16, 2011**;

Doyle's motion to enlarge the record (Docket No. 8) is **GRANTED**;

Doyle's motion to supplement/amend, motion for a new trial on new evidence and added federal case law (Docket No. 36) is **GRANTED** to the extent that the Court will consider the additional arguments; and

Doyle's motion to supplement his reply brief (Docket No. 49) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 16th day of February, 2011.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**