**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

DONTAE L. DOYLE,

        Petitioner,

v.                                                                         Case No. 10-C-235

MICHAEL THURMER
Warden of Waupun Correctional Institution,

        Respondent.

# DECISION AND ORDER

The pro se Petitioner, Dontae L. Doyle ("Doyle"), a State of Wisconsin prisoner incarcerated at the Waupun Correctional Institution in Waupun, Wisconsin, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Decision and Order addresses the following four pending motions: Doyle's motions to supplement, for an order, to expedite motions for summary judgment of reversal, as well as Respondent Michael Thurmer's ("Thurmer") motion to establish briefing schedule.

## Motion to Amend

As this Court noted in its February 16, 2011, Decision and Order, Doyle filed a "motion to supplement to consider constitutional violations with new evidence claim." The Court construed the motion as a motion to amend Doyle's habeas corpus petition to include a claim that his Fourteenth Amendment right to due process and his Sixth Amendment right to a fair trial was violated by the admission of the perjured testimony of Demario Pokes at

Doyle's trial. The time for filing a response to the motion has passed. No response has been filed by Thurmer.

Rule 11 of the Rules Governing Section 2254 Cases in United States District Courts permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." Section 2242 provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions." *Mayle v. Felix*, 545 U.S. 644, 648 (2005). Federal Rule of Civil Procedure 15(a) allows pleading amendments with "leave of court" any time during a proceeding. *Id.*

Before a responsive pleading is served, pleadings may be amended once as a "matter of course," i.e., without seeking court leave. *Id.* at 655, 663. Thurmer has filed an answer. Thus, the amendment of Doyle's petition is governed by Rule 15(a)(2) which allows a party to amend its complaint, or as applicable here, a petition, with the district court's leave; the rule adds that "the court should freely give leave when justice so requires." *Joseph v. Elan Motorsports Techs. Racing Corp.*, No. 10-1420, __ F.3d __ , 2011 WL 855852, * 2 (7th Cir. Mar. 14, 2011). This Court may deny leave to file an amended pleading in the event of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182

(1962))). While a court may deny a motion for leave to file an amended complaint, such denials are disfavored. *Id.*

None of the reasons for denial of the proposed amendment have been raised, or are apparent to this Court. Therefore, the Court will allow Doyle to amend his petition to add the claim that Doyle's Fourteenth Amendment right to due process and his Sixth Amendment right to a fair trial was violated by the admission of Demario Pokes' perjured testimony at Doyle's trial. Thurmer must file an amended answer that includes a response to that claim and all portions of his prior answer that he intends to assert.

## Other Motions

Thurmer filed a motion requesting that the Court establish a briefing schedule, if the Court leans toward granting the petition. Doyle opposes the motion and, in a motion filed on March 4, 2011, states that the evidence is "clear, cut and dry" and no briefing is necessary.

Without providing any indication of its potential ruling on Doyle's petition, the Court requests that the parties submit briefs regarding the pending petition and the issues presented. Previously, Doyle filed a brief in support of his petition. Therefore, Thurmer may file a response brief. Thurmer's brief may also address contentions made in his amended answer and issues raised by the Court's February 16, 2011, Decision and Order. Doyle may then file a reply brief which addresses any of the foregoing matters. Based on the foregoing, Doyle's motion to expedite motions for summary judgment of reversal is denied.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Doyle's motion to supplement (Docket No. 50) is **GRANTED**;

Thurmer's motion for an order to establish a briefing schedule (Docket No. 54) is **GRANTED**;

Doyle's motion for an order (Docket No. 61) is **DENIED**;

Doyle's motion to expedite motions for summary judgment of reversal (Docket No. 63) is **DENIED**;

Thurmer **MUST** file an amended answer **on or before April 30, 2011**;

Thurmer **MUST** file his brief as described in this Decision and Order **on or before April 30, 2011**; and

Doyle **MUST** file any reply thereto **on or before May 30, 2011**.

Dated at Milwaukee, Wisconsin this 24th day of March, 2011.

        **BY THE COURT**

        *s/ Rudolph T. Randa*
        **Hon. Rudolph T. Randa**
        **U.S. District Judge**